State *v.* Kennedy.

## THE STATE *v.* B. KENNEDY.

ATTORNEY-GENERAL. *Fees. Unlawful carryiug arms* Upon conviction for unlawfully carrying a pistol, the Attorney-General is not entitled to a fee of twenty dollars, but only to the fee allowed by law for convictions in misdemeanors.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County. L. B. HORRIGAN, J.

T. W. BROWN for Attorney-General.

FREEMAN, J., delivered the opinion of the Court.

The defendant was indicted under the Act of 1871, for carrying a pistol other than an army or navy, or such as used in civilized warfare, and that not openly and in his hand, as required by the above statute. The defendant submitted his case, and was fined fifty dollars, and also adjudged that he should be confined in the county workhouse at hard labor for sixty days.

There being no objection to this judgment, it must be affirmed.

But in addition to the above, the Attorney-General moved the Court for instructions to the Clerk to tax a fee of twenty dollars for obtaining

the conviction; which was adjudged in his favor, provided the defendant secured the fine and costs, but if the county had it to pay, it was held that only the fee in misdemeanor cases, under like circumstances, was to be taxed.

We suppose the case is here to test the correctness of the fee of twenty dollars as ordered.

The Criminal Judge ordered the twenty dollars to be taxed, as the fee of the Attorney-General, under section 4751 of the Code, which provides: "The Attorney-General is entitled to a tax fee of twenty dollars in each case where a defendant is convicted of any of the offenses enumerated in this article."

The offenses enumerated before this section in this article are "carrying Bowie knives, Arkansas toothpicks, and drawing such weapons or cutting with them."

On referring to the original Act, in Nicholson's Revisal, it is seen that the section of the Code above cited is taken from the 5th section of the Act of 1837, and this tax fee was allowed only in the cases enumerated, intended to put down the use of the Bowie knife and like weapons. On the settled principle of construction, that in the compilation of the Code the former law was intended to be embodied, unless a purpose to change is clearly shown, it might well be held that the Code meant no more than to embody the old statute, and apply to the cases provided for by it. Be this as it may, the offense for which the party

is indicted is not included in the article, but is created by a statute subsequent to the Code. So that it is not within the letter of the section, as it does not appear to be within its spirit or purpose.

However commendable it may be in our Judges strictly to enforce the law against the practice of carrying pistols, and however much we feel inclined to sustain them in such efforts, we do not think proper to go beyond a reasonable limit in inflicting punishment, by construing a statute beyond its fair meaning, to reach the case, and thus increase the penalties beyond what is imposed by the Legislature. We therefore hold the Attorney-General is not entitled to the tax fee of twenty dollars in such cases, but only to the fee allowed by law for convictions in misdemeanors.